IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KAEMEL WHITE                                                                                    PLAINTIFF

vs.                                             Civil No. 6:16-cv-06127

NANCY BERRYHILL                                                                              DEFENDANT
Acting Commissioner, Social Security Administration

### MEMORANDUM OPINION

Kaemel White ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on June 23, 2010. (Tr. 130-135). In these applications, Plaintiff alleges being disabled due to bi-polar disorder and manic depression. (Tr. 157). Plaintiff alleged an onset date of April 1, 2009. (Tr. 407). These applications were denied initially and again upon reconsideration. (Tr. 42-54).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

On May 14, 2016, Plaintiff had an administrative hearing on his applications. (Tr. 545-589). Plaintiff was present and was represented by Shannon Muse Carroll. *Id.* Plaintiff, his father Harriel White, and Vocational Expert ("VE") Stanley McKisisck testified at this hearing. *Id.* At this hearing, Plaintiff testified he was thirty-five (35) years old and had a college education. (Tr. 551).

On August 18, 2016, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 402-412). The ALJ found Plaintiff had not obtained the age of 22 as of May 1, 2002, the alleged onset date of Plaintiff's child disability claim. (Tr. 405, Finding 1). In this decision, the ALJ found Plaintiff met the disability insured status requirements of the Act through March 31, 2011. (Tr. 405, Finding 2). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since April 1, 2009, the alleged onset date. (Tr. 405, Finding 3).

The ALJ then found Plaintiff had the following severe impairments: schizoaffective disorder, bipolar disorder, and borderline intellectual functioning. (Tr. 405, Finding 4). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 405, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 407-411, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels but is able to perform unskilled work consisting of simple, routine, and repetitive task jobs with simple, direct, and concrete supervision; the work must be classified as SVP 1 and 2 level jobs that can be learned within 30 days; can tolerate no more than occasional changes to the workplace; and should not have contact with the general

2

public in order to complete job tasks. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 411, Finding 7). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 411, Finding 11). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as teaching counselor with 251,140 such jobs in the nation and cook helper with 396,202 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 1, 2009, through the date of the decision. (Tr. 412, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 413). On December 12, 2016, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15, 16. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in determining whether Plaintiff met a Listing, (2) the ALJ erred in his RFC determination, and (3) the ALJ erred in assessing his credibility. ECF No. 15 at 3-24. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 16. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluate Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation. Instead of evaluating the *Polaski* factors outlined above and providing valid reasons for discounting Plaintiff's subjective complaints, the ALJ outlined Plaintiff's medical records and then proceeded to discount his subjective complaints because they were not supported by the medical records.

Notably, instead of evaluating the *Polaski* factors as the ALJ understood he was required to do and instead of stating inconsistencies in the record as required by *Polaski*, the ALJ stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the

6

medical evidence and other evidence in the record for the reasons explained in the decision.

(Tr. 410).

Other than mentioning that Plaintiff's medication and side effects, the ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

The ALJ's decision to discount Plaintiff's subjective complaints because the medical evidence did not support those allegations was entirely improper under *Polaski*. *See Polaski,* 739 F.2d at 1322 (recognizing the ALJ cannot discount a claimant's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Thus, because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of December 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE