IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KAEMEL WHITE                                                                                    PLAINTIFF

vs.                                        Civil No. 6:16-cv-06127

NANCY BERRYHILL                                                                              DEFENDANT
Commissioner, Social Security Administration

# ORDER

Pending now before this Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 19. Defendant has responded to this Motion and objects to the hourly rate requested. ECF No. 22. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this Order.

**1. Background:**

Kaemel White, ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On December 20, 2017, Plaintiff's case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 18.

On February 23, 2018, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No 19. With this Motion, Plaintiff requests an award of attorney's fees and costs of $4,017.41. *Id.* This amount represents 18.84 attorney hours for work performed in 2017 at an hourly rate of $192.70 and 2.00 attorney hours for work performed in 2017 at an hourly rate of $193.47. *Id.* Defendant responded to this Motion on February 26, 2018 and Defendant objects

to the hourly rate claimed for work performed in 2017. ECF No. 19. Defendant also pointed out that while the total number of hours was calculated correctly at 20.84, the total by year was incorrect as it should have been 18.72 hours for 2017 and 2.12 hours for 2018. *Id.*

## 2. **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent

of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 18. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA ECF No. 22. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $4,017.41 under the EAJA. ECF No. 19. Plaintiff requests these attorney fees at a rate of $192.70 per hour for work performed for work performed in 2017 and $193.47 per hour for work performed for work performed in 2018. *Id.* Defendant objects to the hourly rate of $192.37 for work performed in 2017. An enhanced hourly rate is authorized by the

3

EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. Based upon the CPI-South Index, the hourly rate of $192.00 is authorized for 2017. Accordingly, the Court awards this hourly rate for work performed in 2017.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 21. This Court notes that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,004.40 representing 18.72 hours of attorney time in 2017 at an hourly rate of $192.00 and 2.12 hours of attorney time in 2018 at an hourly rate of $193.47.

Finally, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). ECF No. 22. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney

**4.     Conclusion:**

Based upon the foregoing, Plaintiff is awarded **$4,004.40** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **28th day of February 2018.**

                                                                  /s/   Barry A. Bryant
                                                                     HON. BARRY A. BRYANT
                                                                     U.S. MAGISTRATE JUDGE